UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MITCHELL JUDD HALL, #621631,

       Petitioner,

                                          CASE NO. 14-CV-12952
v.                                     HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Mitchell Judd Hall ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement.  Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, in the Livingston County Circuit Court and was sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to 22 ½ to 50 years imprisonment in 2013.  In his pleadings, Petitioner raises claims concerning the effectiveness of defense counsel and the accuracy of his pre-sentence report.  Petitioner indicates that he has not exhausted the claims in the state courts.  For the reasons stated, the Court dismisses without prejudice the petition for a writ of habeas corpus.  The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.   Procedural History**

Following his conviction and sentencing, Petitioner filed an application for leave to appeal

with the Michigan Court of Appeals raising claims concerning the voluntariness of his plea and the court's restitution order. The Michigan Court of Appeals denied leave to appeal. *People v. Hall*, No. 319241 (Mich. Ct. App. Jan. 14, 2014) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Hall*, 495 Mich. 1009, 846 N.W.2d 573 (May 27, 2014). Petitioner filed his federal habeas petition on July 28, 2014.

**III.   Analysis**

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the prisoner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner states that he has not exhausted his habeas claims in the state courts due to his mental health issues and medications. He thus admits that he has not exhausted his habeas claims in the Michigan courts before proceeding in this Court on federal habeas review.

Petitioner has an available avenue for relief in the state court system such that his pursuit of

state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising the unexhausted claims and then pursue the claims in the state appellate courts as necessary. The unexhausted claims concern matters of federal law which may warrant further review. The claims should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner, however, has not shown the need for a stay. First, by his own admission, neither of his proposed habeas claims have been exhausted in the state courts. Second, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period does not begin to run until 90 days after the conclusion of his direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on or about August 25, 2014. Petitioner filed his habeas petition on July 28, 2014. Thus, the one-year period had not even begun to when Petitioner instituted this action. While the time in which a habeas case is pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)

(holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by this Court. *Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). Petitioner thus has sufficient time, more than 11 months, in which to seek state collateral review and exhaust his issues in the state courts (thereby tolling the one-year period), and return to federal court on a perfected petition.

Third, while there is no indication that Petitioner has engaged in "intentionally dilatory tactics," he has not shown good cause for failing to fully exhaust all of his claims in the state courts before seeking habeas relief in federal court. Even accepting that his mental health issues and medications impeded his efforts during the direct appeal process, he offers no reason why he was unable to pursue his issues on collateral review in the state courts before filing his federal petition. Lastly, Petitioner's unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

### IV.    Conclusion

For the reasons stated, the Court concludes that Petitioner has not presented his habeas claims to the state courts before filing this action, that he must exhaust all of his claims in the state courts before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if

the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on procedural grounds without addressing the merits of a claim, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

    **IT IS SO ORDERED**.

    s/Gerald E. Rosen
    Chief Judge, United States District Court

Dated: August 22, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 22, 2014, by electronic and/or ordinary mail.

    s/Julie Owens
    Case Manager, (313) 234-5135